UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAI QUOC TRUONG,<br><br>    Plaintiff,<br><br>v.<br><br>TODD M. LYONS et al.,<br><br>    Defendants. | Case No. 5:26-cv-00021-SB-AS<br><br>ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER [7] |

     Petitioner Thai Quoc Truong, a native of Vietnam, has been detained by Immigration and Customs Enforcement (ICE) at the Adelanto Detention Center since December 2025.  He filed a petition for writ of habeas corpus on January 5, 2026, followed by an ex parte application for a temporary restraining order (TRO).  He seeks immediate release from custody.  The TRO application is denied.

I.

     Petitioner entered the United States as a refugee in 1975, at the age of two, and became a lawful permanent resident the following year. Dkt. No. 1 ¶13–15. He is married to a U.S. citizen and has three U.S. citizen children. *Id.* ¶ 23.  In 1996, Petitioner was convicted of first-degree residential robbery. *Id.* ¶ 18. Following the completion of his sentence in 2001, he was detained for six months and ordered removed. *Id.* ¶ 19–21; Dkt. No. 11-1 ¶¶ 10–12.  In September 2001, the government released him, stating that his removal did not appear "reasonably foreseeable at this time." Dkt. No. 1 ¶ 22.

     On December 16, 2025, Petitioner was arrested without a judicial warrant and taken into ICE custody during a regularly scheduled check-in appointment. *Id.* ¶ 25.  He was served with a notice of revocation of release, informing him that "there is a significant likelihood of removal in the reasonably foreseeable future" based on "changed circumstances." Dkt. No. 11-2 at 15.  That same day, an

1

immigration officer conducted an initial informal interview "to afford the alien an opportunity to respond to the reasons for revocation" of his supervised release. *Id* at 18. A week later, on December 23, 2025, Petitioner filed a motion to reopen his removal proceedings, which remains pending.

On January 5, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his redetention violates the Due Process Clause of the Fifth Amendment and exceeds statutory authority under 8 U.S.C. §§ 1231, 1357. He also filed this ex parte application for a temporary restraining order seeking immediate release, or, in the alternative, an order to show cause why a preliminary injunction should not issue.

The government filed an opposition, arguing that Petitioner's removal is reasonably foreseeable because of changes in Vietnamese policy.[1]  Dkt. No. 11.

## II.

"A preliminary injunction is an extraordinary remedy never awarded as of right," but rather only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22, 24. To obtain preliminary relief, a movant must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same). In the Ninth Circuit, a preliminary injunction may issue where there are "serious questions going to the merits"—a "lesser showing than likelihood of success on the merits"—and a "balance of hardships that tips sharply toward the plaintiff," provided the other elements of the *Winter* test are also met. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (cleaned up). Where the respondent is the government, the balance of equities and public interest merge. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

---

[1] The government's opposition was untimely, as it was filed beyond the 48-hour period prescribed by the Court's standing order. The Court nevertheless exercises its discretion and accepts the untimely filing. The government is warned, however, that its failure to timely respond in the future may be construed as consent to the relief requested.

III.

Petitioner advances two cursory arguments for preliminary relief.

First, he argues that his "continued detention violates his Fifth Amendment due process rights and exceeds the lawful authority of 8 U.S.C. § 1231(a)(6), given that his removal is not reasonably foreseeable." Dkt. No. 7 at 7.

The INA requires detention of removable aliens during a 90-day removal period, 8 U.S.C. § 1231(a)(1), and permits continued detention under § 1231(a)(6), but only for the time "reasonably necessary" to effect removal, because indefinite detention would raise Fifth Amendment Due Process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). The presumptively reasonable period for removal is six months. *Id.* at 680. After that period, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689–701). Thus, *Zadvydas* places the initial burden on the alien to show that detention under § 1231 is no longer reasonable. *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (citation omitted).

Here, Petitioner argues that "[his] removal [to Vietnam] has previously been deemed not reasonably foreseeable by ICE itself, and there is no indication that conditions have changed." Dkt. No. 7 at 6. But that determination was made in 2001 (*id.* at 4), and the government has presented unrebutted evidence that the conditions have changed. The government notes that the prior Vietnamese policy prohibiting Petitioner's removal has "since been dismantled" and that "pre-1995 immigrants such as Petitioner are now routinely removed to Vietnam," as evidenced by several recent removals of similarly situated Vietnamese citizens with comparable habeas claims. Dkt. No. 11 at 1, 4. The government also states that it has requested a travel document from Vietnam for Petitioner and estimates the document will be issued in 30 to 60 days. Dkt. No. 11-1 ¶ 17, 20. Petitioner has not shown that the government is required to show more. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up) (distinguishing between detention of uncertain duration where removal is possible and detention where removal is not feasible due to institutional barriers such as a lack of repatriation agreement with the country of removal); *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (providing as examples of "no significant likelihood of removal"

3

where the country of removal refuses to accept the petitioner or the removal is barred by U.S. law).[2]

Petitioner also fails to allege any procedural violations with specificity, stating only that he has not received a custody determination or a bond hearing, without citing any authority showing that he is entitled to either. And the government provides a declaration from an ICE deportation officer stating that Petitioner was served with a warrant of removal and a notice of revocation, and was provided an interview, as required by the regulations governing the revocation of release for noncitizens subject to final orders of removal.[3] 8 C.F.R. § 241.4(l)(1). Because Petitioner does not show that he was denied any constitutionally or statutorily required process, he fails to show a likelihood of success on the merits of this portion of his Due Process claim.

Second, Petitioner argues that his detention violates 8 U.S.C. § 1357 and "standard agency procedures" because his arrest was conducted without a judicial warrant and without a showing of a legal basis for the detention. Dkt. No. 7, at 7. Section 1357 authorizes immigration officers to conduct warrantless interrogations, searches, and seizures in specified circumstances to enforce the immigration laws. 8 U.S.C. § 1357(a).

Petitioner does not explain how § 1357(a) applies to his redetention following the revocation of his release, nor does he identify the "standard agency procedures" that were purportedly violated. This undeveloped argument lacks substance. Petitioner does not dispute that he is subject to a final removal order and effectively concedes that his detention is governed by 8 U.S.C. § 1231, which governs the detention of noncitizens subject to final removal orders. Dkt. No. 1 ¶ 21; Dkt. No. 7 at 6–7 (discussing the constitutional limits on petitioner's detention under § 1231); 8 U.S.C. § 1231 (governing the detention of "aliens ordered removed").

---

[2] Nor has Petitioner shown that he has been detained for more than six months. He has been detained for approximately 1 ½ months. Although he was previously detained from March 22, 2001 to September 20, 2001 (Dkt. No. 1 ¶¶ 20–22), he does not argue that the previous detention counts toward the six-month period.

[3] At oral argument, Petitioner's counsel asserted that Petitioner does not recall being served with a warrant of removal. However, he conceded that the government is lawfully allowed to detain him during the removal period.

Thus, Petitioner has not shown a likelihood of success on his § 1357 claim.

## IV.

Petitioner has not shown that he is entitled to the requested relief—release from detention—because he fails to establish a likelihood of success on the merits of his claims or even serious questions going to the merits. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (cleaned up) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, [the court] need not consider the other factors."). Accordingly, his application for a temporary restraining order is denied.

Date: February 2, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge